JAMES H. HEROY and others *v.* MONTAGUE M. HENDRICKS.

The employee of a sub-contractor cannot effect a lien under the act of 1851, for the better security of mechanics and others in the city of New York.

The right to acquire a lien is limited: 1. To any contractor who has contracted directly with the owner for the furnishing of labor or materials used in the erection or alteration of a building, and who has furnished the same in conformity with the terms of his contract; and 2. To any person who, under an agreement made by him with such original contractor, has performed labor or furnished materials used in such erection or alteration, provided such labor or materials were in conformity with the terms of such original contract with the owner.

SPECIAL TERM, DECEMBER, 1858.
Before HILTON, J.

DEMURRER in an action prosecuted by the employee of a sub-contractor, to enforce an alleged lien, under the statute of July 11, 1851. The allegations contained in the complaint are stated, in substance, in the opinion. The demurrer specified, as the ground of objection, that the complaint did not state facts sufficient to constitute a cause of action.

*E. Delafield Smith,* for the plaintiff, made and argued the following points :

I. The question presented by the demurrer is, Can the employee of a sub-contractor acquire a lien? The act provides that any person who shall hereafter, by virtue of any contract with the owner, or any person who shall, in pursuance of an agreement with any such contractor, in conformity with the terms of such contract, perform or furnish, &c., may acquire a lien. (Act of 1851, Sess. Laws, p. 953, § 1.) Thus, in terms, the lien is given only to the original contractor with the owner, or to a sub-contractor employed by such original contractor. There is nothing in the statute

which can be held, even by implication, to extend the right beyond the terms of the section just referred to.

II. The remedies created in the mechanics' lien law are of a purely statutory and extraordinary nature, and the act must be strictly construed. (*Quimby* v. *Sloan*, 2 E. D. Smith, 594.) The limitation contended for by the defendant here is recognized in all the cases; and see the language of DALY, J., in *Broderick* v. *Poillon*, 2 E. D. Smith, 555. Judge WOODRUFF states the precise point in the defendant's favor, in *Cusack* v. *Tomlinson*, 1 E. D. Smith, 716. Although not necessary to the decision of that case, the language of the judge is decided. (See the case cited by him, *Wood* v. *Donaldson*, 17 Wend. 550, and 22 Wend. 395.) If by construction the law is to be loosely extended to the employee of a sub-contractor, there is no reason for barring its benefit from a subordinate of such employee, and so on *ad infinitum*. Thus, any owner, unfortunate enough to dispute the bill of his contractor, might find himself in litigation with every laborer or material man who ever walked through the building, however remote or uncertain the alleged employment might be.

III. The defendant should have judgment on the demurrer.

*Wm. W. Niles* and *Sargeant V. Bagley*, for the plaintiffs, made and argued the following points :

I. The demurrer admits all the facts stated in the complaint, and among those facts is the allegation that the amount claimed is not only due from the owner to the contractor, but also from the contractor to his sub-contractor.

This allegation is not contained in the case of *Wood* v. *Donaldson*, 17 Wend., and answers all the difficulties in that case.

II. The marginal note in *Wood* v. *Donaldson* is not sustained by the opinion.

III. The lien law of 1851 does not, in its subsequent sections, limit the 1st section, as in that of 1830. In the statute of 1851, all the sections use the general expression, " any

contractor, sub-contractor or laborer, or any person furnishing materials," &c. (See sections 4, 6, &c.)

IV. The lien law for New-York is almost wholly nugatory, unless this is its true construction, for almost all buildings here are erected by means of work done and materials furnished for sub-contractors. By the construction contended for by the defendant, it would furnish no protection to the men who put in their daily labor and their goods, and for whose benefit it was especially enacted, but would be confined to the speculators who take contracts.

HILTON, J.—The complaint alleges that one John L. Taylor, in the year 1857, entered into a contract with the defendant, to furnish the carpenter's work and materials of a certain building on the corner of Fifth avenue and 37th street, of which the defendant is the owner. That subsequently one John Williamson entered into a contract with Taylor to furnish the sashes and glass, included in the carpenter's work. That the plaintiffs furnished the glass to Williamson, in conformity with the terms of the original contract between Taylor and the defendant, and such glass was used in the construction of the building. That it was of the value of $837 29, and has not been paid for.

That before the expiration of six months from the time the glass was furnished, the plaintiffs acquired a lien upon the building, by filing a notice pursuant to the provisions of the act for the better protection of mechanics and others erecting buildings and providing materials therefor in the city and county of New York, passed July 11th, 1851, and of the act amending the same, passed April 13th, 1855. That at the time of furnishing the glass and filing the notice, the defendant was owner of the building and the lot upon which it stands, and at the time of the notice there was due or has since become due from the defendant to Taylor, under the original contract, more than sufficient to pay the plaintiffs' claim.

Judgment is demanded for the sale of the defendant's in-

terest in the house and lot, to pay the amount due the plaintiffs.

The defendant demurs to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action.

And the question presented for determination is, whether the statute authorizes a lien to be acquired for materials furnished or labor performed by a party employed by a subcontractor.

As a statutory remedy is here sought to be enforced against the defendant, as owner of the property, a reference to the statute must be had, to see whether, in its strict construction, the plaintiffs are of the class of persons for whose benefit it purports to have been enacted.

Section 1 provides, that any person who shall, by virtue of a contract with the owner, (or his agent, which is the same thing in effect,) or any person who shall, in pursuance of an agreement with such contractor, perform any labor or furnish materials in building, &c., in conformity with the terms of such contract with the owner, shall, upon filing the notice prescribed by the 6th section, have a lien upon the building and the lot of land upon which it stands, for the value of such materials or labor, to the extent of the right, title and interest of the owner therein at the time of filing such notice. But the owner shall not be obliged to pay on account of the house, or in consideration of the liens thus authorized, any greater sum than the amount agreed to be paid therefor by the original contract.

With the exception of a part of section 6, which limits the period within which the notice specified therein is to be filed, to six months after such materials or labor shall be furnished by the contractor, sub-contractor, laborer or material man; the residue of the act is devoted to prescribing how the lien shall be enforced, satisfied or discharged.

It seems clear, therefore, that the right to acquire the lien, given by this statute, is limited to the following classes of persons or contractors:

1st. Any contractor who has contracted directly with the owner for the furnishing of labor or materials used in the erecting or altering of a building, and who has furnished the same in conformity with the terms of his contract.

2d. Any person who, under an agreement made by him with such original contractor, has performed labor or furnished materials used in such erection or alteration, provided such labor or materials were in conformity with the terms of such original contract with the owner.

As the plaintiffs are not included within either class, they having been employed by a sub-contractor to furnish materials used in the building, it is quite obvious that they are not of those whom the statute was intended to protect, and they cannot acquire a lien under any of its provisions.

Although the reasons for their exclusion may not be at once apparent, yet they are numerous, and many might be added to those referred to by the late Supreme Court and Court of Errors, in *Donaldson* v. *Wood*, 17 Wend. 550, and 22 id. 395, in giving an interpretation to the mechanics' lien law, passed in 1830, and amended in 1832, were reasons necessary, upon a judicial construction of a statute so plain in this respect. (And see *Cusack* v. *Tomlinson*, 1 E. D. Smith, 716; *Broderick* v. *Poillon*, 2 id. 554; Nott's N. Y. Lien Law, 85.)

The defendant is entitled to judgment upon his demurrer, with costs.

Judgment for defendant on demurrer.